UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Great American Assurance Company,

        *Plaintiff,*

v.

JMA Express LLC and Mohamed Alaktam,

        *Defendants.*

Case No.: 4:25-CV-10601

Hon: F. Kay Behm

---

**OPINION AND ORDER GRANTING PLAINTIFF GREAT AMERICAN ASSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT DECLARATORY JUDGMENT (ECF No. 10)**

Before the Court is a Motion for Default Declaratory Judgment filed by Plaintiff Great American Assurance Company ("Great American"). Great American requests a declaration from this Court that the trucking or business use exclusion in Great American's Non-Trucking Liability Insurance Policy precludes Great American's duties to indemnify and defend Defendants in connection with an accident involving a Mr. James Bevins (deceased). Great American asserts that the exclusion applies because at the time of the accident the truck was under dispatch of regulated motor carrier Van or Reefer Transport, and the driver was travelling to pick up cargo in Plainwell, Michigan for delivery to New York.

*Procedural history*

Plaintiff filed a Complaint for Declaratory Judgment on March 4, 2025. (ECF No. 1) Both Defendants waived service of summons. (ECF Nos. 4, 5). Neither Defendant answered the Complaint, and defaults were properly requested by Plaintiff and entered by the Clerk on August 8, 2025. (ECF Nos 6,7,8,9). Plaintiff then filed a Motion for Default Declaratory Judgment on

August 21, 2025. (ECF No. 10) The Court scheduled oral argument for December 17, 2025. (ECF No. 11) Neither Defendant filed an answer to the Motion.

The Estate for Mr. James Bevins was notified of this lawsuit on March 6, 2025 (ECF No. 10-4, Page.ID 221-245), and notified of the Motion on August 21, 2025. (ECF No. 10, Page.ID 109-110). The Estate has not filed a Motion to Intervene or otherwise sought to appear in this matter.

*Factual allegations of the Complaint*

The factual allegations of the Complaint state as follows:

6. On January 11, 2025, an accident occurred on I-94 Westbound near mile marker 150 in Jackson County, Michigan, involving a Silverado pick-up truck operated by a Mr. James Bevins and a Volvo tractor with attached trailer operated by Defendant Alaktam.

7. At the time of the accident, Mr. Alaktam was travelling to Plainwell, Michigan to pick up cargo at JBS Foods for delivery to Lancaster, New York. (Exh. 1, Bill of Lading).

8. Before the accident, Mr. Alaktam had been dispatched by regulated motor carrier Van or Reefer Transport, LLC ("VRT") to Plainwell, Michigan to pick up said cargo.

9. The Volvo tractor operated by Mr. Alaktam was owned by title owner JMA Express LLC and leased to VRT pursuant to an Independent Contractor Operating Agreement dated October 25, 2024. (Exh. 2, Agreement).

10. Following the accident, Mr. Bevins passed away.

11. At the time of the accident, a certain Non-Trucking Liability Insurance Policy was in effect, issued by Plaintiff Great American to Named Insured JMA Express LLC. A copy of the policy is attached hereto as Exhibit 3.

12. The Non-Trucking Liability Policy provides, in relevant part:

## PART II - LIABILITY COVERAGE FOR NON-TRUCKING USE

### A. COVERAGE

**We** will pay all sums an **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto**

### C. EXCLUSIONS

This insurance does not apply to any of the following:

**13.** TRUCKING OR BUSINESS USE

**Bodily injury** or **property** damage arising out of any **accident** which occurs while the covered **auto** is being used in the business of any **lessee** or while the covered **auto** is being used to transport cargo of any type. For purposes of this exclusion the phrase "in the business of any **lessee"** means any of the following uses of the covered **auto:**

a. for the benefit of or to further the interest of any lessee or when conducting business of any type;

b. by any person or organization acting within the scope of employment by any lessee;

c. by any person or organization acting under the direction, control or dispatch of any **lessee;**

d. while traveling to or from any location for the purpose of picking up, delivering or transporting cargo on behalf of any lessee; or

e. while traveling between any location where the covered auto is **regularly garaged** and

   i.  any terminal or facility of any lessee, or

   ii. any other location,

for the purpose of picking up, delivering or transporting any cargo; or

f. while traveling from:

(1) any terminal or facility of any lessee, or

(2) any location at which the covered **auto** was present for the purpose of picking up, delivering or transporting cargo,

3

to any location where the covered **auto** is **regularly garaged.**

### *Findings*

Once default is entered, Defendant is treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id*. at 848. The court will adopt by reference the factual allegations contained in Plaintiff's complaint (ECF No. 1) and take them as true. *See Ford*, 441 F. Supp. 2d at 846. Additionally, in further factual support of its Motion, Plaintiff included Declarations Under Penalty of Perjury of both Defendants. (See ECF No. 10-1, Decl. of JMA Express,; ECF No. 10-2, Decl. of Mohamed Alaktam), which are consistent with the factual allegations of the Complaint. Accordingly, the facts of this case as established by the Default and the Declarations show that:

- JMA Express owned a Volvo tractor which it had leased to regulated motor carrier Van or Reefer Transport LLC ("VRT") effective October 25, 2024. (ECF#1, Compl. #9, PageID.2; ECF#10-1, Exh. A Saed Decl., #3,4.)
- On January 11, 2025, VRT dispatched driver Mohamed Alaktam to take that tractor and pick up a load of beef in Plainwell, Michigan. (ECF #10-2, Exh. B)
- While driving to Plainwell, Mr. Alaktam was involved in an accident with a vehicle driven by Mr. James Bevins, deceased. (*Id.*)

The Court finds that the Trucking or Business Use Exclusion in the Great American policy applies to these facts.

Exclusion 13.a. excludes coverage when the tractor is used for the benefit of or to further the interest of the lessee or when conducting business of any type. This broad exclusionary

language was discussed in *Auto-Owners Ins. Co. v. Redland Ins. Co.*, 549 F.3d 1043 (6th Cir. 2008). Here, the use of the tractor served the commercial interests of VRT.

Exclusion 13.c. excludes coverage when the tractor is used by any person … acting under the … dispatch of any lessee. Here, the complaint alleges, and the driver Mr. Alaktam acknowledges that he had been dispatched by VRT to pick up a load in Plainwell, Michigan, and that he was travelling to Plainwell when the accident occurred.

Exclusion 13.d. excludes coverage when the tractor is being used while travelling to … any location for the purpose of picking up … cargo on behalf of any lessee. Here, the complaint alleges, and Mr. Alaktam acknowledges, that he was heading to Plainwell under dispatch of VRT to pick up a load when the accident occurred.

Therefore, the Court finds that Exclusions 13 a., c., and d. apply here, each of which precludes Great American's duty to indemnify the Defendants for any liability they may sustain arising out of the accident with the vehicle driven by Mr. Bevins; and each of which precludes Great American's duty to defend the Defendants in any lawsuit arising out of the accident with the vehicle driven by Mr. Bevins.

Accordingly, Great American Assurance Company's Motion for Default Declaratory Judgment is **GRANTED**. A separate Judgment shall enter.

**SO ORDERED.**

Date: December 19, 2025                                s/F. Kay Behm
                                                       F. Kay Behm
                                                       United States District Judge